■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEON BATSON, Appellant.— Judgment of the Supreme Court, Queens County, rendered November 12, 1970, reversed on the law and defendant remanded for resentencing. In our opinion, there was a failure to comply with sections 207 and 208 of the Mental Hygiene Law. Defendant was convicted upon his plea of guilty of manslaughter, first degree. When he appeared for sentencing, he had his counsel advise the court that he was under the influence of a narcotic drug at the time the crime was committed. His counsel also offered that " the source of his problem has been the drug problem " (see People v. Sczerbaty, 37 A D 2d 428). Subdivision 1 of section 207 provides that a defendant charged with any felony, " who, while in custody or when he appears before the court, shall

state, indicate or show symptoms, or [if] it otherwise appears, that he is a narcotic addict, shall undergo a medical examination to determine whether he is a narcotic addict." Section 208 then provides that a defendant who pleads guilty to a felony, and who has been examined pursuant to section 207, may not be sentenced until the court has received and reviewed the report of said examination. In view of the mandatory tenor of this language, we conclude that the court exceeded its powers when it sentenced defendant after his claim that he was under the influence of drugs at the time of the crime without first ordering the required examination and reviewing the report (*People* v. *Sczerbaty, supra*). Once the question of addiction is before the court, it cannot be brushed aside by a defendant's failure to press for a medical examination or by conduct by a defendant which might be construed as a waiver (see *People* v. *Rosser,* 36 A D 2d 35). Rabin, P. J., Hopkins, Munder, Gulotta and Brennan, JJ., concur.